JOHN B. and CATHERINE C. DOUGHERTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dougherty v. Commissioner
Docket No. 1434-74
United States Tax Court
T.C. Memo 1976-135; 1976 Tax Ct. Memo LEXIS 267; 35 T.C.M. (CCH) 604; T.C.M. (RIA) 760135; April 29, 1976, Filed John B. Dougherty, pro se. Thomas F. Kelly, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for 1972 in the amount of $306. Certain issues having been conceded by the respondent, [1] the sole issue for decision is whether petitioners should be allowed to deduct $3,681 in medical expenses claimed by petitioners on their 1972 return. Petitioners are husband and wife who resided in Palo Alto, California at the time their petition was filed herein. Petitioners filed their *268 1972 joint Federal income tax return with the district director of internal revenue at Fresno, California. Section 213(a)(1) [2] allows as a deduction expenses paid for the medical care of the taxpayer during the taxable year, not compensated for by insurance or otherwise which exceeds 3 percent of adjusted gross income. Medical care is defined in section 213(e) to include amounts paid for medical insurance. Furthermore, section 213(a)(2) allows as a deduction "an amount (not in excess of $150) equal to one-half of the expenses paid during the taxable year for insurance which constitutes medical care for the taxpayer, his spouse, and dependents." Respondent disallowed petitioners' medical expense deduction for lack of substantiation. At the outset, we note that petitioners have the burden of proof. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). While petitioners introduced cancelled checks into evidence showing they had made the claimed medical expenditures, other than payments for insurance, respondent *269 argues that these amounts were paid by John B. Dougherty and Company rather than petitioners personally. Petitioner John B. Dougherty testified that the checks in question were left over from his sole proprietorship, and that he used these checks for his personal account when his business was incorporated. The incorporated business used a separate checking account. In addition to John B. Dougherty's testimony, petitioners introduced into the record evidence from their bank showing that the medical expenses were paid from petitioners' personal account. We therefore find that petitioners have met their burden of substantiating these medical expenditures, which were not reimbursed by insurance or otherwise during 1972. Respondent has also disallowed $299 in deductions claimed by petitioners for medical insurance premiums. Since petitioners have produced no evidence indicating that they made these expenditures, we are compelled to sustain respondent's disallowance of these deductions. Welch v. Helvering,supra.
Decision will be entered under Rule 155.
Footnotes
1. Respondent originally denied a deduction for a charitable contribution in the amount of $365 that he conceded on brief is properly deductible.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩